UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80580-CIV-MARRA/JOHNSON
(03-80061-CR-MARRA/JOHNSON)

ROBERT ORSO,

    Movant/Defendant,
vs.

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.
_____/

## OPINION AND ORDER AND FINAL JUDGMENT

This cause is before the Court upon Movant Robert Orso's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 1]. The Court has carefully considered the motion, the answer, and the responses, and is otherwise fully advised in the premises.

### I. BACKGROUND

Judgment was entered by this Court against Movant Robert Orso ("Movant") on January 18, 2003 in the criminal proceeding United States v. Robert Orso, Case No. 03-80061.  DE 31. Movant was sentenced as a "career offender" under U.S. Sentencing Guidelines § 4B1.1, in part because of a previous felony conviction for fleeing a marked police car, which at the time qualified as a "crime of violence" under the Guidelines [DE 8 at 1]. Two years later, on January 21, 2005, this Court reduced Movant's sentence pursuant to Fed. R. Crim. P. 35(b) [DE 40 in Case No. 03-80061]. On April

18, 2005, Movant filed a Notice of Appeal challenging his sentence [DE 42 in Case No. 03-80061]. The United States Court of Appeals for the Eleventh Circuit dismissed the appeal for lack of jurisdiction [DE 44 in Case No. 03-80061]. See generally United States v. Ward, 696 F.2d 1315, 1317 (11th Cir. 1983) ("[t]he timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction").

In the years after the dismissal of Movant's appeal, the Supreme Court narrowed the scope of the term "violent felony" as it applied to sentence enhancements under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). See Begay v. United States, 553 U.S. 137, 146-48 (2008) (conviction for driving under the influence of alcohol was not a "violent felony" for the purposes of ACCA). Subsequently, the Eleventh Circuit applied the Supreme Court's reasoning to the U.S. Sentencing Guidelines. See United States v. Archer, 531 F.3d 1347, 1350-52 (11th Cir. 2008) (prior conviction for carrying a concealed firearm did not constitute a "crime of violence" within the meaning of the USSG § 4B1.1 career offender enhancement). The Eleventh Circuit has also specifically held that fleeing a marked police car is not a "violent felony" under ACCA. See United States v. Harrison, 558 F.3d 1280, 1296 (11th Cir. 2009). In light of these developments, Movant filed this petition for collateral relief under 28 U.S.C. § 2255 on April 15, 2009 [DE 1].

In the instant petition, Movant argues that his enhanced sentence as a career offender pursuant to U.S.S.G. § 4B1.1 is now illegal due to the holdings of Begay, Archer, and Harrison [DE 8 at 1]. Movant asserts that these cases limit the offenses that qualify as a "crime of violence" under the U.S. Sentencing Guidelines [DE 8 at 2]. The Government concedes that Movant's petition is timely [DE 6 at 5], that the Begay rule is a substantive sentencing rule that applies retroactively in collateral proceedings in ACCA cases [DE 6 at 10], and that Movant can show prejudice from the enhanced sentencing he received in this case [DE 6 at 19].

Notwithstanding these concessions, the Government contends that Movant is not entitled to relief because his petition is not cognizable on collateral review [DE 6 at 11]. Additionally, the Government raises the defense of procedural default, asserting that Movant's claims are barred because they were not raised on Movant's direct appeal [DE 6 at 14]. In response, Movant contends that his claims are cognizable because his sentence was imposed in violation of the Constitution or laws of the United States, and because the sentence is otherwise subject to collateral attack [DE 8 at 3-8]. Movant also argues that his claims are not barred by the procedural default doctrine because he is actually innocent of being a career offender [DE 8 at 11].

## II. DISCUSSION

A. COGNIZABLE CLAIMS UNDER SECTION 2255

"A prisoner in federal custody may obtain relief under section 2255 provided: the sentence is unconstitutional or in violation of the laws of the United States; the court lacked jurisdiction to impose the sentence; the sentence exceeds the maximum penalty authorized by law; or the sentence is subject to collateral attack." Garland v. United States, 837 F.2d 1563, 1565 (11th Cir. 1988) citing 28 U.S.C. § 2255(a). If a sentence was imposed in violation of the constitutional guarantee of due process, for instance, section 2255(a) allows a court to redress the harm. See United States v. Shukwit, 973 F.2d 903, 904 (11th Cir. 1992) (claim based on due process violation was cognizable; defendant was constitutionally protected from being sentenced on the basis of false information).

Section 2255 is not a substitute for a direct appeal, however, and "nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)). But cf. Davis v. United States, 417 U.S. 333, 345-46 (1974) (permitting defendant to relitigate issue after intervening change in the law;

"the fact that a contention is grounded not in the Constitution, but in the 'laws of the United States' would not preclude its assertion in a § 2255 proceeding"). Because of this standard, claims based on improper applications of the Sentencing Guidelines are usually not cognizable in section 2255 proceedings. See United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) (denying relief even where court erroneously assigned criminal history points under the Guidelines); Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995) ("ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim"). Similarly, a challenge to an otherwise lawful sentence imposed pursuant to the U.S. Sentencing Guidelines cannot be based on the mere fact that the Sentencing Commission added "a clarifying amendment effecting no change in the substantive law." See Burke, 152 F.3d at 1332.

When the substantive law underlying a sentence has changed, however, the sentence may be challenged under section 2255 as being imposed "in violation of the laws of the United States." See Davis, 417 U.S. at 344-45; United States v. Oliver, 148 F.3d 1274, 1275 (11th Cir. 1998) (original sentences vacated in light of Supreme Court decision interpreting 18 U.S.C. § 924(c)). Cf. Shukwit, 973 F.2d at 905 (supervised release appropriate after Supreme Court's decision on Anti-Drug Abuse Act). An improper sentence may also be challenged under section 2255's catchall

5

provision, which allows claims based on sentences that are "otherwise subject to collateral attack." See United States v. Pettiford, 101 F.3d 199, 201 (1st Cir. 1996) ("fourth prong of § 2255 encompasses other than constitutional or statutory error").

In the instant case, Movant argues that the intervening caselaw of Begay, Archer, and Harrison has excised the crime of willful fleeing from the definition of "violent felony" under ACCA [DE 1 at 4]. Movant contends the Eleventh Circuit's reasoning in Archer and Harrison effectively excludes willful fleeing as a "crime of violence" for the purposes of the "career offender" determination under USSG § 4B1.1 [DE 1 at 5]. Despite this substantive change in the law, the Government maintains that Movant's section 2255 petition is not cognizable because it is founded on non-constitutional error not amounting to a complete miscarriage of justice [DE 6 at 12-13]. Movant concedes that there was no jurisdictional error here and that the Court's sentence was not in excess of the maximum authorized by law [DE 8 at 2]. Movant instead bases his petition on the other parts of section 2255(a): that his sentence was imposed "in violation of the Constitution" and the "laws of the United States," and that the sentence was "otherwise subject to collateral attack" [DE 8 at 3].

Where a sentence is enhanced on the basis of a vacated prior conviction or false information in the record, its imposition may indeed

implicate due process concerns; it is plainly unconstitutional to punish a defendant on the basis of invalid prior convictions. See Townsend v. Burke, 334 U.S. 736, 740-41 (1948) (sentence constitutionally invalid; alleged prior convictions were actually either dismissed or resulted in acquittals). Here, however, Movant is not claiming that his prior conviction for willful fleeing was false or vacated. Contrary to Movant's arguments [DE 8 at 4], he was not sentenced upon false information when he qualified as a career offender.[1] Additionally, Movant does not assert that his prior conviction for willful fleeing was itself unconstitutional. See United States v. Tucker, 404 U.S. 443, 447-48 (1972) (allowing relief where trial judge inappropriately considered prior convictions that were constitutionally invalid). Whatever the status of Movant's sentence enhancement, he remains guilty of the prior crime of willful fleeing. The change in law has not vacated or invalidated that prior conviction in any way, and so there is no constitutional error in Movant's sentence for the purposes of section 2255.

Movant next argues that his sentence was imposed in "violation of the laws of the United States" because it was enhanced based on the classification of willful fleeing as a "crime of violence," a classification that

---

[1] Cases where subsequent events render a conviction "demonstrably false" [DE 8 at 4] uniformly involve expunged or vacated convictions. See Johnson v. United States, 544 U.S. 295, 306-308 (2005) (order vacating prior conviction is a "fact" that starts renewed one-year limitations period); United States v. Cox, 83 F.3d 336, 339 (10th Cir. 1996) (subsequent expunged convictions supported grant of section 2255 relief).

the Eleventh Circuit now rejects [DE 8 at 5]. The Government asserts this is a nonconstitutional sentencing error, and therefore Movant's claim is not cognizable under section 2255 [DE 6 at 13]. The Government is correct insofar as ordinary errors in the application of the Sentencing Guidelines are not cognizable under section 2255.

In the instant case, however, there was a subsequent change in the substantive law underlying Movant's USSG § 4B1.1 career offender determination, presenting an exceptional circumstance that satisfies at least the threshold question of cognizability. See Davis v. United States, 417 U.S. 333, 345-46 (1974) (§ 2255 petition was cognizable when based on change in law that established invalidity of defendant's induction order; change occurred subsequent to defendant's direct appeal).

Accordingly, the Court finds that Movant's claim for collateral relief is cognizable under section 2255.

B. PROCEDURAL DEFAULT DOCTRINE

Generally, a collateral attack on a sentence under section 2255 may not serve as an appeal. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (relief not available when premised on trial court error in following Fed. R. Crim. P. 11). A petition brought under section 2255 cannot re-litigate issues that have been raised and considered on direct appeal. See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has

been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.") (internal marks, citation and footnote omitted); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994) (per curiam) (same). Similarly, failing to raise an issue during trial may bar a court from considering the issue again in a section 2255 proceeding. <u>United States v. Frady</u>, 456 U.S. 152, 167-69 (1982). Procedural default also applies in cases where the movant has failed to file an appeal entirely. <u>See</u> <u>Jones v. United States</u>, 153 F.3d 1305, 1307-1308 (11th Cir. 1998).

A procedural default may be excused, however, by showing that a "fundamental miscarriage of justice" would take place if the claim was not heard. <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339 (1992). The Supreme Court has recognized miscarriages of justice only in cases where defendants can demonstrate that they are actually innocent of the crimes for which they have been sentenced. <u>See</u> <u>id</u>. This actual innocence exception "is concerned with actual as compared to legal innocence." <u>Id</u>. (quoting <u>Smith v. Murray</u>, 477 U.S. 527, 537 (1986)). It does not apply, for instance, when an error "neither precluded the development of true facts nor resulted in the admission of false ones" during the course of a sentencing hearing. <u>Id</u>. at 340 (quoting <u>Smith</u>, 477 U.S. at 538). <u>Cf</u>. <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) (since "'actual innocence' means factual innocence, not

9

mere legal insufficiency," the government is not limited to the existing record when rebutting petitioner's section 2255 challenge to firearms conviction).

In this case, Movant failed to file a timely direct appeal, and his section 2255 petition will therefore be barred by procedural default unless the actual innocence exception applies.[2]  Movant argues that because his prior conviction for willful fleeing is not a "crime of violence" due to intervening changes in the law, Movant is "actually innocent" of being a career offender within the meaning of the Sentencing Guidelines [DE 8 at 11]. In response, the Government argues that the actual innocence exception should not apply to challenges to a noncapital sentencing determination [DE 9 at 2].

There is a split of authority as to whether the "actual innocence" exception applies in noncapital sentencing contexts. Compare Spence v. Supt., Great Meadow Corr. Facility, 219 F.3d 162, 171 (2nd Cir. 2000) ("in these circumstances, the actual innocence exception applies to the sentencing phase of a noncapital trial"), and United States v. Maybeck, 23 F.3d 888, 892-94 (4th Cir. 1994), and United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999) (limiting Maybeck; "actual innocence applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision"), and Haley v.

---

[2] A procedural default may also be excused by showing "cause" for the default and "prejudice" therefrom. See Murray v. Carrier, 477 U.S. 478, 486 (1986). Movant does not make this argument and rests entirely on the "actual innocence" exception instead.

10

Cockrell, 306 F.3d 257, 264 (5th Cir. 2002) (same), cert granted, case vacated and remanded on other grounds, Dretke v. Haley, 541 U.S. 386 (2004), and Jones v. State of Ark., 929 F.2d 375, 381 (8th Cir. 1991) (actual innocence exception applies to trial-like Arkansas habitual offender sentencing proceedings), with Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997) ("Sawyer, in terms, applies only to the sentencing phase of death cases), and Reid v. State of Okl., 101 F.3d 628, 630 (10th Cir. 1996) ("petitioner's challenge to his recidivist enhancement does not fall within the potential scope of the miscarriage of justice exception"). See also Dretke, 541 U.S. at 392 (recognizing divergence of opinion in the circuits, but declining to answer whether exception applies in noncapital sentencings). The Government acknowledges that it is an open question whether the Eleventh Circuit allows the "actual innocence" exception to procedural defaults in noncapital sentencing [DE 9, Ex. A at 4]. See, e.g., King v. United States, No. 09-20975-CV, 2010 WL 181458, at *5 (S.D. Fla. Jan. 12, 2010); Frederick v. United States, No. 08-22143-CV, 2009 WL 2488965, at *3 (S.D. Fla. Aug. 12, 2009).

Assuming *arguendo* that the "actual innocence" exception applies to noncapital sentences in the Eleventh Circuit, the exception still would not aid Movant. Movant does not assert that he is *factually* innocent of the prior crime of "willful fleeing." Instead, Movant contends only that the subsequent

11

sentencing determination *employing* that prior conviction is legally erroneous because of intervening caselaw. The "actual innocence" exception does not apply in this situation because "[t]hose courts that have extended Sawyer's holding on the "actual innocence" of a sentence have uniformly done so in the context of testing the *factual* findings on which a particular non-capital sentence is based, such as prior convictions." Cristin v. Brennan, 281 F.3d 404, 421-22 (3rd Cir. 2002) (emphasis added).[3] Movant is not entitled to relief because his challenge is unrelated to the propriety or accuracy of his prior conviction; he only argues that his conviction cannot be the legal predicate of a career offender determination under the Sentencing Guidelines. Following the principle that "'actual innocence' means factual innocence, not mere legal insufficiency," the error of which Movant complains cannot qualify as a "fundamental miscarriage of justice."

Regardless of the status of the actual innocence exception in the Eleventh Circuit, the Court finds that it is inapplicable here. Therefore,

---

[3] Other courts have ruled likewise. In Spence, the defendant presented several reputable alibi witnesses to refute the arrest that breached his plea agreement. See 219 F.3d at 172. The defendant in Maybeck was "actually convicted under the laws of New York of *attempted* third degree burglary," but had mistakenly characterized the offense as an armed burglary to his probation officer. 23 F.3d at 890 (emphasis added). The State conceded in Haley that the defendant "was not convicted of aggravated robbery involving a deadly weapon." 306 F.3d at 267. Jones involved a "habitual offender statute not in force when [the defendant] committed his crime and which, on its face, did not apply to him." 929 F.2d at 381.

Movant's claim is subject to procedural default.

### III.  Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Movant Robert Orso's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 1] is **DENIED**.  The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of June, 2010.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record